Julia Dimas DE GUTIERREZ; et al., Petitioners,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 05–74270.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 3, 2008.

Hunter Jose Gutierrez–Dimas, Petaluma, CA, pro se.

Dennis Rene Gutierrez–Dimas, Petaluma, CA, pro se.

Julia Dimas–De Gutierrez, Petaluma, CA, pro se.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Nancy E. Friedman, Esq., DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Julia Dimas de Gutierrez and her two sons, natives and citizens of El Salvador, petition pro se for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's ("IJ") decision denying Dimas' application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

■ Petitioner contends she has a well-founded fear of future persecution on account of her membership in a particular social group, namely people who take affirmative steps to redress legal wrongs by criminals. Because this is not a cognizable

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

social group, substantial evidence supports the IJ's finding that Dimas has not demonstrated a well-founded fear of persecution. *See Arteaga v. Mukasey,* 511 F.3d 940, 944–45 (9th Cir.2007); *see also Ochoa v. Gonzales,* 406 F.3d 1166, 1170–71 (9th Cir. 2005) (rejecting contention that "business owners in Colombia who rejected demands by narco-traffickers to participate in illegal activity" is a cognizable social group).

█ Because Dimas failed to show eligibility for asylum, she necessarily fails to meet the more strict requirements for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

█ Substantial evidence also supports the IJ's determination that Dimas is not entitled to CAT relief because she has failed to demonstrate that it is more likely than not that she will be tortured if she returns to El Salvador. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**